Rosier v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-184-CR

     JAMES MARION ROSIER,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the County Court
Robertson County, Texas
Trial Court # 87-428CR
                                                                                                    

O P I N I O N
                                                                                                    

      James Rosier appeals his conviction for the misdemeanor offense of driving while intoxicated. 
Rosier was found guilty by a jury. The trial court, finding that Rosier had been previously
convicted of driving while intoxicated, assessed punishment at 312 days in the county jail and a
$1750 fine.


 We affirm the conviction, reverse the judgment on punishment, and remand the cause
for a new punishment hearing.
Right to a Speedy Trial
      In point one, Rosier asserts that he was denied the right to a speedy trial. The right to a
speedy trial is guaranteed by the Sixth Amendment to the United States Constitution as applied
through the Fourteenth Amendment.


 The same right is assured by article 1, section 10, of the
Texas Constitution and article 1.05 of the Texas Code of Criminal Procedure.



      In determining whether an accused has been denied the right to a speedy trial, we must
employ a balancing test as set out by the United States Supreme Court in Barker v. Wingo.


 The
factors to be considered are: (1) the length of the delay; (2) the reason for the delay; (3) the
defendant's assertion of the right; and (4) the prejudice to the defendant resulting from the delay.


 
We will consider each of these factors as applied to the record before us.
Length of Delay
      The length of the delay is measured from the time the defendant is formally accused or
arrested until the time of trial.


 No specific length of delay automatically constitutes a violation
of the right to a speedy trial.


 In the present case, Rosier was arrested on August 22, 1987, and
the complaint was filed on September 2, 1987. His trial began on April 3, 1991, resulting in a
delay of approximately three years, seven months.
Reason for Delay
      In considering the reason for the delay, different weight should be assigned to different
reasons. Deliberate attempts to hamper the defense weigh heavily against the State, and
circumstances such as missing witnesses will justify a delay, but in most instances the delay will
be caused by more neutral reasons such as overcrowded court dockets, which are weighed less
heavily against the State.



      There is no evidence of any deliberate or intentional acts by the State or the trial court in an
effort to delay Rosier's trial. Furthermore, although he filed a "Waiver of Arraignment, Plea of
Not Guilty And Request For Jury/Bench Trial" on September 16, 1987, there is no indication in
the record that he requested a speedy trial until he filed his motion to dismiss on July 31, 1990. 
      The docket sheet indicates that Rosier first appeared before the county judge on September
4, 1987. At the hearing on Rosier's motion to dismiss, Jimmie McCullough, the county attorney,
testified that the case was originally set for a pretrial hearing on September 15, which was reset
for October 20, November 13, and December 4, 1987. He also testified that, at the time of the
hearing Rosier's motion to dismiss (August 8, 1990), the case had never been set for trial. 
However, according to McCullough, the State announced ready for trial on September 1, 1987,
and the arresting officer had been available to testify at all times since the case was filed. 
McCullough argued that the delay resulted from a vacancy in the office of county judge from
September 1987 until a new county judge was appointed in 1988. In addition, Robertson County
lacked an assistant prosecutor until October 1989. The court, citing the unusual vacancy in the
office of county judge of approximately one year, denied the motion to dismiss and set the case
for trial on August 22, 1990. However, the trial was apparently again reset for November 19,
1990. On that day the court granted Rosier's motion for continuance, and the case was finally
called for trial on April 3, 1991. We find that the State has rebutted the presumption that no valid
reason for the delay existed.



Rosier's Assertion of His Rights
      A defendant's assertion of his speedy-trial right is entitled to strong evidentiary weight in
determining whether he is being deprived of the right. Failure to assert the right, however, will
make it difficult to prove that he was denied a speedy trial.


 Although the record reflects that
several pre-trial hearings were set, there is no evidence in the record that Rosier asserted a speedy-trial claim at any time before he filed his motion to dismiss on July 31, 1990. Based on our
review of the record before us, it is clear that Rosier's prime objective was not to gain a speedy
trial, but was instead to have the charge against him dismissed. Although a motion to dismiss can
notify the State and the court of a speedy-trial claim, a defendant's motivation in asking for
dismissal rather than a prompt trial is clearly relevant and may sometimes attenuate the strength
of his claim.



The Prejudice to Rosier
      Three interests must be considered when determining prejudice to the defendant: (1) to
prevent oppressive pre-trial incarceration; (2) to minimize anxiety and concern of the accused; and
(3) to limit the possibility that the defense will be impaired.


 Proof of actual prejudice is not
required. The defendant must only make "some showing" that the delay has been prejudicial.


 
Rosier has failed to meet this burden. At the hearing on Rosier's motion to dismiss, he did not
testify or offer any evidence that the delay had been prejudicial. Furthermore, he has failed to
point out in his appellate brief any prejudicial effect of the delay.
Balancing Test
      We must now engage in a difficult and sensitive balancing process in which none of the four
factors alone are either necessary or sufficient to a finding of deprivation of the right to a speedy
trial.


 In this case we find a delay of three years and seven months between the complaint and
the trial. Rather than actively and persistently asserting his right to a speedy trial, however,
Rosier sought a dismissal of the charges against him. Finally, Rosier has failed to make some
showing of prejudice resulting from the delay. Under the circumstances of the case, we hold that
Rosier was not denied his right to a speedy trial.


 We overrule point of error one.
Motion for Mistrial
      In point two, Rosier contends that the court erred in denying his motion for mistrial based on
the unavailability of the original handwritten offense report. Rosier cites White v. State


 in
support of his argument that error per se resulted from the court's failure to require production
of the original handwritten offense report. Michael Smith, a trooper with the Texas Department
of Public Safety, testified that he completed the original offense report by hand at the time of the
arrest on August 22, 1987. According to Smith, the original handwritten offense report was
destroyed when either he or a secretary typed the report on August 24, 1987. Smith also testified
that only the typewritten report, which he used to refresh his memory, was available at the time
of trial. The court in White held that, if an accused brings himself within the "Gaskin Rule," it
is error to fail to require production of a prior and available report or statement of the witness.


 
Because Smith testified that the original handwritten offense report was not available, the trial
court did not err in failing to require its production. Point of error two is overruled.
Motion to Recuse
      In point three, Rosier contends that the trial court erred in failing to recuse himself. 
According to Rosier's brief, the trial court was "observed in ex parté communication with the
County Attorney." However, Rosier's brief makes no reference to the page of the record where
the matter complained of is to be found.


 Nor has he called our attention to any evidence in the
record supporting his allegation that such a contact actually occurred.


 Because nothing is
presented for review, we overrule point of error three.
Admission of Public Records
      In point four, Rosier contends that the trial court erred in admitting, over his hearsay
objection, a certified copy of his driving record and a certified copy of a judgment of prior
conviction in Matagorda County. During the punishment phase of the trial, the State argued that
the records were admissible under Rules 803(6) and 803(8) of the Texas Rules of Criminal
Evidence, and the court admitted the records over Rosier's objection.



      According to Rule 74(f) of the Texas Rules of Appellate Procedure, "If complaint is made of
the improper admission or rejection of evidence, the substance of such evidence so admitted or
rejected shall be set out with references to the pages of the record where the same may be
found."


 Because neither exhibit is contained in the appellate record, nothing is preserved for
review. As a result, we overrule point of error four.
Sentence
      In point five, Rosier contends that the trial court erred in failing to correct the judgment
prepared by the State to conform to the sentence announced by the court at the punishment
hearing. At the conclusion of the punishment hearing, the court announced the following
punishment:
So your sentence here will be 104 weekends in jail, with 52 of them suspended, a $1750
fine, and 280 hours of community service. 
 
[Prosecutor]: How many hours Judge?
 
            THE COURT: 280.
 
[Prosecutor]: Okay. On the 104 weekends, Judge, are you talking about going in on
Friday and coming out on Sunday?
 
THE COURT: 6:00 o'clock Friday evening, get out 6:00 o'clock Sunday evening. 
And this is not going to be a hit-and-miss affair. It's going to be every weekend. If you
have something special come up, you call me, and I'll either let you stay out that
weekend or tell you you can't. But it's no hit-and-miss affair. It's an every-weekend
affair. 

However, the judgment and sentence signed by the court states that the court pronounced the
sentence as follows:
It is the ORDER of this Court that the said defendant, who has been adjudged guilty
of the offense set out above, be, and is hereby sentenced to confinement in the Robertson
County Jail for 312 DAYS and to pay a fine set out above in the amount of $1,750.00 to
be paid to the County Clerk of Robertson County, Texas and court costs set out above
in the amount of $90.50 to be paid to the County Clerk of Robertson County, Texas. 
The sentence is to begin on October 4, 1991 at 6 P.M.

      According to article 42.01 of the Texas Code of Criminal Procedure, the judgment should
reflect:
. . .
 
7.The verdict or verdicts of the jury or the finding or findings of the court;
 
8.In the event of a conviction that the defendant is adjudged guilty of the offense as
found by the verdict of the jury or the finding of the court, and that the defendant be
punished in accordance with the jury's verdict or the court's finding as to the proper
punishment;
. . .
 
10.In the event of conviction where any probated punishment is assessed that the
imposition of sentence is suspended and the defendant is placed on probation, setting
forth the punishment assessed, the length of probation, and the probationary terms and
conditions.




      Because the judgment fails to reflect the findings of the court on punishment, that the
defendant be punished in accordance to the court's finding as to the proper punishment, or that the
imposition of 52 weeks of the sentence is suspended as announced by the court, we sustain point
of error five. 
      The State argues on appeal that the sentence announced by the court at the punishment hearing
did not comply with article 42.12, section 12, of the Texas Code of Criminal Procedure, which
provides:
When the court having jurisdiction of a misdemeanor case grants probation to the
defendant, the court may require as a condition of probation that the defendant submit to
a period of detention in a county jail or community corrections facility to serve a term of
imprisonment not to exceed 30 days and serve up to 100 hours of community service.




      As a result, we are unable to reform the judgment to conform to the sentence announced by
the court at the punishment hearing. Therefore, in the interest of justice, we affirm the conviction,
reverse the judgment on punishment, and remand the cause for a new punishment hearing.



 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed in part and reversed and remanded in part
Opinion delivered and filed August 19, 1992
Do not publish